# EXHIBIT AI

Frederic R. Clark Energy Center
PO Box 191
Marcy, NY 13403
315-724-8186


**NewYorkPower Authority**

Date:        October 31st, 2014

To:          Steve Palencar

From:        Philip F. Toia

Subject:     Counseling Letter

In response to your recent questions concerning your eligibility for overtime under the Fair Labor Standards Act ("FLSA"), I have completed a thorough review with Law and Human Resources ("HR"). I also wanted to take this opportunity again to speak to you about how you comport yourself in the workplace.

You raised a concern that your current job duties changed your FLSA classification. Whether or not an employee is eligible for overtime under the FLSA is a fact intensive inquiry which is made by HR. Due to your belief that recent events warrant a new classification, I reviewed your job duties with HR to determine if your position, as it was outlined to you, was appropriately classified as FLSA exempt.

As a result of that review, HR concluded that your responsibilities in the position of Transmission Supervisor continue to qualify as FLSA exempt based upon the fact that you are required to exercise independent judgment and discretion in the performance of your duties. A few examples include:

- Your technical skill and expertise are utilized in ensuring that the line work is performed safely and correctly.
- In the normal course of your duties, should you discover that there are violations or unsafe practices occurring on a particular job, it is expected that you utilize your expertise and knowledge to provide technical assistance to correct the issue. You are expected to act independently, free from immediate direction or supervision, in this type of situation and provide guidance to employees.
- In reviewing work orders, you are expected to understand the requests and review the completed work to identify and approve if both contractual and technical requirements are satisfied. You are reviewing the work orders for substance and content to determine and recommend whether additional or different work is warranted.

NYPA00000885

While this is clearly not an exhaustive list of your job duties, it serves as typical examples of the level of independent decision making and judgment you are expected to perform on a regular basis. It is this type of independence and authority to make a determination on how to safely proceed that led HR to conclude that your position qualified as FLSA exempt.

Since you are exempt from overtime under the FLSA, as was previously explained to you, you are only eligible to receive overtime in the following limited circumstances: (a) you are observing a crew after normal working hours, or (b) you are working on a pre-approved project and have been pre-approved for overtime per Employee Policy 2.4. While I understand that you may personally disagree with this conclusion, the classification of your position remains FLSA exempt.

Therefore, given the above, I want to make it clear that you are not authorized to submit for approval any overtime hours associated with your travel to and from a remote worksite. Should you persist and submit a request for overtime for travel, your actions may be deemed insubordination and you may be subject to disciplinary action.

As I explained, Transmission and Generation across the Authority have ceased the per diem program for salaried employees and have adopted an expense policy for travel reimbursement. Again, you may disagree with that decision, but the decision to move to an expense program stands.

I also want to take this opportunity to address with you again the manner in which you communicate to your supervisors and co-workers in the workplace. I believe that as part of your PPR last year, it was strongly recommended that you work on your communication skills. If you would like me to coordinate a meeting between you and Talent Development to review available classes on how to effectively communicate in the workplace, I would be happy to do so.

Management remains open and available to discuss workplace issues with you, but I will no longer tolerate your conduct which can best be described as inappropriate, and on occasion, threatening. By that, I mean disagreements occur in the workplace, but professionals should be able to control their temper and disagree in a respectful manner without resorting to issuing threats or acting in an aggressive manner. Such as

- "You have not heard the end of this" as it relates to the cessation of the Per Diem Policy; or

- Stating in an email communication to Andy Cline when he issued you a work directive that you disagreed with "The e-mail I sent out earlier about possible FLSA violations probably had no bearing on your opinion, right? Another convenient coincidence? I have already informed WPO of your blatant retaliatory action so you can expect to hear more on this."

There are other occasions in the workplace when the manner in which you communicate is not productive, and you demonstrate contempt for management. Such as,

- When speaking with your supervisor, Andy Cline, regarding your Performance Plus document and developmental classes that he recommended that you attend to improve your performance at work, you stated in sum and substance "that you were not going to change, and not going to waste your time in any internal training classes." You then closed the conversation by stating "if forced to do so, I would attend, but they are a waste of time and I won't get anything out of them."

- In another conversation with your supervisor, about your professional development, you stated in sum and substance, that you had nothing to develop, and did not need to change. You stated it was "everyone else" that needed to change their perception, and when Andy tried to explain different supervisory techniques that you may want to employ, you replied it sounded like that "Lorin Wolfe crap", which is "all BS and a waste of time."

I will not tolerate this type of conduct from anyone on my staff as it is neither productive nor professional.

Also, I will no longer engage in a conversation with you where we go over the same issue multiple times on multiple occasions because you refuse to accept a management decision. Should you fail to modify your conduct, your actions will cause you to be subjected to progressive discipline.

I expect you to contribute to the performance of this Department despite your disagreements with your FLSA classification and the new expense policy for travel reimbursement. All employees, including you, are expected to conduct themselves professionally, treat co-workers with respect and follow company policies and procedures.


PT/

cc:     Personnel File
        A. Cline
        J. Wren

NYPA00000887